IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE ZAMBINO and<br>PATRICIA ZAMBINO | : | CIVIL ACTION |
| | : | |
| | : | NO. 06-3561 |
| v. | : | |
| | : | |
| HOSPITAL OF THE UNIVERSITY OF<br>PENNSYLVANIA; UNIVERSITY OF<br>PENNSYLVANIA HEALTH SYSTEM, INC.;<br>TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA; CLINICAL PRACTICES OF<br>THE UNIVERSITY OF PENNSYLVANIA;<br>ALAN J. WEIN; BRIAN LEVIN; PETER HOWARD;<br>NORIG ELLISON; A. SIMON; JENNIFER SCHEER;<br>MAUREEN GOVAN and<br>AMERICAN NATIONAL RED CROSS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

## MEMORANDUM and ORDER

**Savage, J.**                                                                                                                                     September 25, 2006

In this medical malpractice action, the plaintiff Eugene Zambino contends that he contracted an incurable Hepatitis B infection through a blood transfusion during prostate cancer surgery at the defendant Hospital of the University of Pennsylvania ("HUP"). The plaintiffs name as defendants the hospital where the surgery was performed; the hospital's trustees; the hospital's "health system"; the urologic surgery practice group that treated the plaintiff;[1] individual doctors and nurses who were involved in Eugene Zambino's care; and American National Red Cross, which supplied the blood. Plaintiffs assert claims of negligence against the doctors, nurses and Red Cross; corporate negligence against the hospital, the hospital's trustees, the hospital system and a hospital practice group; negligent infliction of emotional distress, punitive damages and loss of consortium against all defendants; and lack of informed consent against the doctors and nurses.

---

[1] From a reading of the complaint, it is unclear whether the trustees of the hospital, the health system and the urologic practice group are hospital entities, owners or affiliates.

The defendants, except American National Red Cross, move to dismiss the corporate negligence counts (Counts I and II) against the hospital's trustees, the hospital system and the hospital practice group; the negligent infliction of emotional distress claim (Count XI); and the demand for punitive damages (Paragraphs 92-94). They also move to strike all references in the complaint to *res ipsa loquitur*.

Accepting as true the facts as they appear in the plaintiffs' complaint and drawing all possible inferences from these facts in their favor, I conclude that the plaintiffs have stated causes of action sufficiently to overcome the defendants' motion to dismiss. Therefore, the motion will be denied.

According to the complaint, after diagnosing Zambino with prostate cancer, defendant Dr. Wein scheduled him for surgery at HUP. Pursuant to Dr. Wein's suggestion, to avoid the risk of a bad transfusion from the blood bank, Zambino's two daughters donated blood for their father at the Red Cross prior to the surgery. Plaintiffs contend that approximately two and a half months after his surgery, Zambino was diagnosed with acute Hepatitis B infection which was caused by the blood that was transfused during the surgery.

## Corporate Negligence

Recognizing the corporate hospital's role in providing total health care to its patients, Pennsylvania has adopted the doctrine of corporate negligence, which creates a nondelegable duty that a hospital owes directly to its patient. *Thompson v. Nason Hospital*, 591 A.2d 703, 707 (Pa. 1991). The hospital's duties include ensuring the patient's safety and well-being while at the hospital; overseeing all persons who practice medicine within its walls; and formulating, adopting and enforcing adequate rules and policies to ensure quality care for its patients. *Id.* Thus, under the corporate negligence doctrine, a hospital may be liable

if it breaches any of these duties. *Id.* at 707-08.

Defendants argue that the corporate negligence claim against the trustees, health system and practice group must be dismissed because they are not hospitals. Although the Pennsylvania Supreme Court has not addressed the extension of corporate liability to medical providers other than hospitals, other courts have extended the doctrine of corporate liability to other entities in limited circumstances, such as when the patient is constrained in his or her choice of medical care options by the entity sued, and the entity controls the patient's total health care. *See Shannon v. McNulty*, 718 A.2d 828 (Pa. Super. 1998) (extending doctrine to an HMO that provided health care services similar to a hospital); *Fox v. Horn*, 2000 WL 49374 (E.D. Pa. January 21, 2000) (Buckwalter, J.) (applying doctrine to a company that contracted to provide physicians and medical services at a prison where the plaintiff was incarcerated).

The plaintiffs are entitled to develop a factual record to support the applicability of this theory of liability to the various hospital entities or affiliates they named as defendants. They may be able to show that the trustees, health system or urologic practice group are hospital entities, in which case, the defendants concede, plaintiffs may bring a corporate negligence claim against them. Therefore, Counts I and II, stating causes of action for corporate negligence, will not be dismissed.

### Negligent Infliction of Emotional Distress

To recover damages for the negligent infliction of emotional distress, a plaintiff must have been a foreseeable plaintiff alleging physical injury and emotional distress arising from: 1) the plaintiff's contemporaneous observation of physical injuries being inflicted on a close family member; 2) nearly experiencing physical impact; or, 3) defendant's breach of a

separate preexisting contractual or fiduciary duty to the plaintiff. *Armstrong v. Paoli Mem'l Hosp.*, 633 A.2d 605, 615 (Pa. Super. 1993). A plaintiff must establish, as in any other negligence case, the defendant's breach of a duty and damages proximately caused by the breach. *Shumosky v. Lutheran Welfare Services of Northeastern Pa., Inc.*, 784 A.2d 196, 199 (Pa. Super. 2001).

In this case, plaintiff has sufficiently alleged that the defendants owed him a duty, and breached that duty, causing him to suffer emotional and physical damages. This claim is redundant because the plaintiffs may recover his psychological and emotional damages, if proven, that arise from the physical injuries caused by the defendants' negligence under other counts. *See Shumosky*, 784 A.2d at 200. Nevertheless, because plaintiffs are permitted to plead in the alternative, the count for negligent infliction of emotional distress will not be dismissed. *See* Fed.R.Civ.P. 8 (a).

**Punitive Damages**

Plaintiffs have properly pled a claim for punitive damages. It is too early in the proceedings to foreclose plaintiffs from pursuing these damages.

*Res Ipsa Loquitur*

Defendants also move to strike all references to *res ipsa loquitur* in the complaint, arguing that *res ipsa* is a rule of evidence, not a substantive principle of law or theory of recovery. Defendants are correct. The plaintiffs' references to *res ipsa* are unnecessary. However, there is no legal basis requiring the court to strike the references. Even if the complaint is not a "model of clarity or brevity," as long as it puts defendants on notice of the claims, it complies with Fed.R.Civ.P. 8. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). *See also United States v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003)

("Surplusage can and should be ignored. . . . A district court is not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter."). Therefore, defendants' motion to strike the references to *res ipsa loquitur* in plaintiffs' complaint is denied.

## Conclusion

At this stage, there is no basis for dismissing the complaint against any of the defendants or dismissing any claims. Therefore, the motion to dismiss will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE ZAMBINO and<br>PATRICIA ZAMBINO | : <br> : <br> : | CIVIL ACTION <br><br> NO. 06-3561 |
| v. | : <br> : | |
| HOSPITAL OF THE UNIVERSITY OF<br>PENNSYLVANIA; UNIVERSITY OF<br>PENNSYLVANIA HEALTH SYSTEM, INC.;<br>TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA; CLINICAL PRACTICES OF<br>THE UNIVERSITY OF PENNSYLVANIA;<br>ALAN J. WEIN; BRIAN LEVIN; PETER HOWARD;<br>NORIG ELLISON; A. SIMON; JENNIFER SCHEER;<br>MAUREEN GOVAN and<br>AMERICAN NATIONAL RED CROSS | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

## ORDER

**AND NOW**, this 25th day of September, 2006, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Document No. 5) and the plaintiffs' response, it is **ORDERED** that the motion is **DENIED**.

                                                    /s/ Timothy J. Savage
                                                    TIMOTHY J. SAVAGE,  J.